1
2
3
4
5
6
7
8
9
10                **UNITED STATES DISTRICT COURT**
11           **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARQUIS GRADY,<br><br>                           Petitioner,<br><br>   v.<br><br><br><br>M.D. BITER, Warden,<br><br>                     Respondent. | Case No. 13-cv-2479-BAS(MDD)<br><br>**ORDER:**<br><br>**(1) OVERRULING PETITIONER'S OBJECTIONS;**<br><br>**(2) APPROVING AND ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**(3) DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF No. 40]** |

On October 11, 2013, Petitioner Marquis Grady, a state prisoner proceeding *pro se*, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 seeking relief from a sentence of 115 years-to-life.  (ECF No. 1.)

On February 18, 2010, a jury found Petitioner guilty of: (1) one count of first degree murder; (2) three counts of attempted murder; (3) one count of conspiracy to commit murder; and (4) one count of shooting at an occupied motor vehicle.  The jury also returned true findings on sentence-enhancement allegations that: (1) the offenses

1  were committed for the benefit of, at the direction of, and in association with, a
2  criminal street gang, with the specific intent to promote, further, and assist in criminal
3  conduct by gang members, and (2) all defendants were principals in offenses during
4  which at least one principal personally used a firearm.

5      On December 16, 2014, United States Magistrate Judge Mitchell D. Dembin
6  issued a Report and Recommendation ("Report") recommending that this Court deny
7  the petition in its entirety.  (ECF No. 40.)  Petitioner filed objections to the Report.
8  (ECF No. 50.)

9      For the following reasons, the Court **OVERRULES** Petitioner's objections,
10 **APPROVES** and **ADOPTS** the Report in its entirety, and **DENIES** the petition.

11

12 **I.    LEGAL STANDARD**

13     The Court reviews *de novo* those portions of the Report to which objections are
14 made.  28 U.S.C. § 636(b)(1).  The Court may "accept, reject, or modify, in whole or
15 in part, the findings or recommendations made by the magistrate judge."  *Id.*  But "[t]he
16 statute [28 U.S.C. § 636(b)(1)(c)] makes it clear that the district judge must review the
17 magistrate judge's findings and recommendations de novo *if objection is made*, but not
18 otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en
19 banc) (emphasis in original); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219,
20 1226 (D. Ariz. 2003) (concluding that where no objections were filed, the district court
21 had no obligation to review the magistrate judge's report).  "Neither the Constitution
22 nor the statute requires a district judge to review, de novo, findings and
23 recommendations that the parties themselves accept as correct."  *Reyna-Tapia*, 328
24 F.3d at 1121.  This rule of law is well-established in the Ninth Circuit and this district.
25 *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005) ("Of course, de novo
26 review of a R & R is only required when an objection is made to the R & R."); *Nelson*
27 *v. Giurbino*, 395 F. Supp. 2d 946, 949 (S.D. Cal. 2005) (Lorenz, J.) (adopting report

28

in its entirety without review because neither party filed objections to the report despite the opportunity to do so); *see also Nichols v. Logan*, 355 F. Supp. 2d 1155, 1157 (S.D. Cal. 2004) (Benitez, J.).

## II.   ANALYSIS[1]

Petitioner asserts nine claims in his petition: (1) there was insufficient evidence presented at trial to support his convictions; (2) Petitioner's due-process rights under the Fourteenth Amendment were violated because one of the trial court's seven jury instructions was a theory of guilt that is legally incorrect; (3) Petitioner was denied his Sixth and Fourteenth Amendment rights when the trial court instructed the jury on the "kill zone" theory of attempted murder, thereby allowing conviction without evidence that Petitioner had the specific intent to kill each victim; (4) Petitioner was denied his Fourteenth Amendment rights by admission of the forensic video analyst's testimony on matters that invaded the province of the jury; (5) Petitioner's Sixth and Fourteenth Amendment rights were violated by the trial court's admission of Mercedes Davis' testimony that she feared retaliation because she agreed to testify; (6) Petitioner was denied his Sixth Amendment right to effective assistance of counsel by his trial counsel's failure to call several alibi witnesses and failure to object to the admission of rap lyrics at trial; (7) Petitioner was denied his Sixth Amendment rights to represent himself and to effective assistance of counsel when the trial court denied his *Faretta* and *Marsden* motions; (8) Petitioner's right to be free from cruel and unusual punishment was violated by his 115 years-to-life sentence; and (9) Petitioner's rights to due process were violated by the cumulative effect of errors at trial.

In a thorough and well-reasoned 77-page Report, Judge Dembin recommended that this Court deny the petition in its entirety, finding that "neither an evidentiary hearing nor the appointment of counsel are necessary or warranted with respect to any

---

[1] The Court adopts and incorporates by reference all portions of the Report that Petitioner does not object to.  That includes the factual background presented in the Report.

1   claim." (Report 17:15–16.)  After requesting several extensions, Petitioner filed

2   objections to the Report.

3

4   ### A.   Procedural Effects of General Objections

5   "[A] party may serve and file *specific* written objections to the proposed findings

6   and recommendations" of a magistrate judge.  Fed. R. Civ. P. 72(b) (emphasis added).

7   In the absence of a timely objection, the Court "need only satisfy itself that there is no

8   clear error on the face of the record in order to accept the recommendation." *Id.*

9   Advisory Comm. Notes (1983) (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206

10  (9th Cir. 1973)).

11       Numerous courts have held that a general objection to the entirety of a magistrate

12  judge's report has the same effect as a failure to object. *Alcantara v. McEwen*, No. 12-

13  CV-401, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013) (Gonzalez, J.) (citing

14  numerous cases).  "Concerns about judicial economy and efficiency guided these

15  courts' decisions." *Id.* at *2.  For example, in *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir.

16  1984), the Third Circuit explained that "providing a complete *de novo* determination

17  where only a general objection to the report is offered would undermine the efficiency

18  the magistrate system was meant to contribute to the judicial process."  Similarly, the

19  Ninth Circuit has emphasized that "the underlying purpose of the Federal Magistrates

20  Act is to improve the effective administration of justice[.]" *Reyna-Tapia*, 328 F.3d at

21  1122.

22       Petitioner's objections are mere general objections guised as specific objections.

23  In *Alcantara*, 2013 WL 4517861, at *2-5, this court held as general objection

24  Petitioner's statement that "I, Petitioner . . . , object to the Magistrate Judge's Report

25  and Recommendations [sic].  I object to each fact and decision of law.  I ask the court

26  to construe the traverse along with these objections to see how the Magistrate erred in

27  the Report and Recommendation." *Alcantara*, 2013 WL 4517861, at *2-5; *see also*

28  *Sullivan v. Schriro*, No. CV-04-1517-PHX-DGC, 2006 WL 1516005, at *3-5 (D. Ariz.

May 30, 2006) ("Petitioner in this case has made only a general objection.  Petitioner 'objects to [the magistrate's] legal conclusions and the factual findings upon which they are based,' but he never specifies why the R&R is in error[.]  In fact, Petitioner's objection is a verbatim copy of his original petition.  No arguments have been added, none deleted.  With the exception of titles, headings, and a few inconsequential passages, no words have been changed.").

Here, Petitioner presents general objections in response to the Report.  Although Petitioner quotes various portions of the Report and discusses each claim individually, these objections lack specificity.  For each claim, Petitioner merely writes "Petitioner maintains this claim as raised in the Petition for Writ of Habeas Corpus and Traverse," failing to address any particular error in Judge Dembin's reasoning.  These objections have the effect of requiring this Court to address every claim without any guidance as to what specific errors the magistrate judge may have made.

By not filing objections that specifically address Judge Dembin's findings and recommendations but rather incorporating the traverse as part of the objections, Petitioner leaves the Court with the difficult task of deciphering and extrapolating how the arguments presented in the traverse correspond to the findings and recommendations in the Report in order to produce plausible objections.  By transferring that responsibility to the Court, which is what Petitioner effectively does, Petitioner produces a situation that undermines the efficiency of the magistrate system and judicial process.  *See Goney*, 749 F.2d at 7.  The Court is also left with the task of speculating how Petitioner may have intended his objections to be interpreted.  That leaves the Court with the precarious responsibility of potentially providing additional legal research and developing its own analysis to bridge Petitioner's arguments.

The ambiguities resulting from the incorporated objections / traverse lead this Court to conclude that Petitioner's objections amount to "general objections" that do not address the substance of any specific findings in the Report, which in turn has the same effect as failing to object.  *See Alcantara*, 2013 WL 4517861, at *1; *see also*

*Turner v. Tilton*, No. 07-CV-2036, 2008 WL 5273526, at *1 (S.D. Cal. Dec. 18, 2008) (Sammartino, J.) ("[H]is objections do not address the substance of the R & R's findings. Instead, the objections discuss at length the claims made in the petition. Thus, the Court finds that Petitioner has not made an objection to any specific portion of the report. Therefore, the Court need only satisfy itself that the R & R is not clearly erroneous.").

### B.   Merits of the Objections

As mentioned above, most of the arguments Petitioner raises in his objection are issues that were previously raised in the memorandum of points and authorities in support of the petition, and are thus already addressed in the Report. (*Cf.* ECF No. 1-1.) The remaining arguments fail to specifically respond to any errors in the Report. Though the Court need not address those arguments again, it nonetheless reviewed *de novo* the objections to Judge Dembin's findings and recommendations in addition to the record as a whole. Upon completing that *de novo* review, the Court finds that Petitioner fails to present any justification to sustain his objections and reject or alter any portion of the Report.

## III.   CONCLUSION & ORDER

After considering Petitioner's objections and traverse, and conducting a *de novo* review, the Court concludes that Judge Dembin's reasoning in the Report is sound. Alternatively, the Court overrules Petitioner's objections based on the fact that it fails to address any specific findings in the Report. In light of the foregoing, the Court **OVERRULES** Petitioner's objections (ECF No. 50), **APPROVES** and **ADOPTS** the Report in its entirety (ECF No. 40), and **DENIES** the petition (ECF No. 1).

Additionally, a certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Petitioner has made no such showing. Because reasonable jurists would not find the

Court's assessment of the claims debatable or wrong, the Court **DECLINES** to issue a certificate of appealability.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

     **IT IS SO ORDERED.**

**DATED: February 10, 2016**

**Hon. Cynthia Bashant**
**United States District Judge**

13cv2479