# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUISE GRADY,<br><br>                  Petitioner,<br><br>   v.<br><br>M.D. BITER,<br><br>                  Respondent. | Case No. 13-cv-2479-BAS(MDD)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT**<br><br>**[ECF No. 54]** |

On February 10, 2016, this Court overruled Petitioner Marquise Grady's objections, adopted the magistrate judge's report and recommendation in its entirety, and denied Mr. Grady's habeas petition. Judgment was entered the next day. However, Mr. Grady did not receive a copy of the order until August 16, 2016. Mr. Grady now seeks "relief from the judgment," which effectively is a request for an extension of time to file a motion for reconsideration and a notice of appeal.

## I.  Extension of Time To File Motion for Reconsideration

With respect to Mr. Grady's request for an extension of time to file a motion for reconsideration, Federal Rule of Civil Procedure 6(b) applies. Rule 6(b) states that "[w]hen an act may or must be done within a specified time, the court may, for

good cause extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). "Once the time has expired, a noticed motion for relief, based on a showing of excusable neglect, is required." *Gurvey v. Legend Films, Inc.*, No. 09-cv-942, 2012 WL 4061773, at *5 (S.D. Cal. Sept.14, 2012) (Battaglia, J.) (citing Fed. R. Civ. P. 6(b)(1)(B)).

The Ninth Circuit has held that, for purposes of Rule 6(b), "excusable neglect" must be judged by the standard set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n.4 (9th Cir. 1996)) ("[T]his court [has] held that the Supreme Court's analysis of 'excusable' neglect in Pioneer is applicable to Rule 6(b)[.]"). Under *Pioneer*, a "determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395).

Supported by evidence and through no fault of his own, Mr. Grady demonstrates that he did not receive this Court's judgment until August 16, 2016. Upon receiving notice of the judgment, he promptly filed this request on August 24, 2016. Weighing the *Pioneer* factors, the circumstances heavily favor finding that the delay was the result of excusable neglect. *See Bateman*, 231 F.3d at 1223-24. Therefore, the Court **GRANTS** Mr. Grady's request for an extension of time to file a motion for reconsideration. Mr. Grady may file a motion for reconsideration under Rule 59(e) within **30 days** after being served with this order. This order does not apply to a motion for reconsideration under Rule 60(b) as the time to file has not yet lapsed. *See* Fed. R. Civ. P. 60(c)(1).

## II. Extension of Time To File Notice of Appeal

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal be filed by the appealing party "within 30 days after entry of judgment or order appealed from." Rule 4(a)(5) permits the district court to extend the time to file a notice of appeal if: (1) "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires"; and (2) "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

Under Rule 4(a)(6), an appealing party may also move to reopen the time to file an appeal. "The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all of the following conditions are satisfied: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced." Fed. R. App. P. 4(a)(6).

Unfortunately, under both Rule 4(a)(5) and 4(a)(6), the Court is not permitted to grant relief to Mr. Grady in his pursuit of a potential appeal. Admittedly through no fault of his own, Mr. Grady cannot satisfy the timing requirements under Rule 4(a)(5)(A)(i) or Rule 4(a)(6)(B). Under Rule 4(a)(5)(A)(i), Mr. Grady must have requested the extension of time on or before April 11, 2016, but he ultimately did not do so until August 24, 2016. And under Rule 4(a)(6)(B), Mr. Grady must have requested reopening the time for appeal on or before August 9, 2016, which is 180

days after entry of judgment. If the Court uses the later date under Rule 4(a)(6)(B)—14 days after Mr. Grady received notice of entry of judgment—he would have been allowed to request reopening the time for appeal by August 30, 2016, but the rule explicitly requires that the Court use the earlier of the two dates.

Federal Rule of Civil Procedure 77(d)(2) explicitly states that "[l]ack of notice of the entry [of judgment] does not affect the time for appeal or relieve—or authorize the court to relieve—a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)." Because Mr. Grady unfortunately cannot satisfy the timing requirements under either Rule 4(a)(5) or Rule 4(a)(6), the Court **DENIES** his request for an extension of time to file a notice of appeal. That said, Mr. Grady should note that Federal Rule of Appellate Procedure 4(a)(4)(A) states that if a party timely files in the district court a motion to alter or amend the judgment under Rule 59, "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion[.]"

### III.   Conclusion & Order

In light of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Mr. Grady's motion. Mr. Grady may file a motion for reconsideration within **30 days** of receiving this order, but the Court cannot grant any relief regarding his request for an extension of time to file a potential notice of appeal.

**IT IS SO ORDERED.**

DATED: September 6, 2016

Hon. Cynthia Bashant
United States District Judge